UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEXANDER A. HARRIS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-4414 (EP)(JBC) |
| | : | |
| v. | : | OPINION |
| | : | |
| HUDSON COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | |
| Defendant. | : | |

APPEARANCE(S):

Alexander A. Harris
#33d195 BIE
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

    Plaintiff *Pro se*

PADIN, District Judge

    Pro se Plaintiff Alexander A. Harris, a prisoner presently incarcerated in the Hudson County Correctional Facility (the "Jail") in Kearny, New Jersey, has submitted a complaint under 42 U.S.C. § 1983. DE 1. Because Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis* ("IFP"), I will administratively terminate the application.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is

Case 2:22-cv-04414-EP-JBC   Document 2   Filed 07/14/22   Page 2 of 4 PageID: 13

prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *IFP*.

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52. A prisoner who is granted *IFP* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $52 administrative fee. A prisoner who is denied *IFP* status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *IFP*. Under § 1915, a prisoner seeking to bring a civil action *IFP* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

If the prisoner is granted *IFP* status, the prisoner must pay the full amount of the filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and

forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff did not submit an *IFP* application with the Complaint or pay the filing fee. I will therefore direct the Clerk to provide Plaintiff with a blank *IFP* application to complete and return. I will also direct the Clerk to administratively close this matter until Plaintiff either submits the $402 filing and administrative fees or returns a completed *IFP* application accompanied by the appropriate documentation.

Whether Plaintiff proceeds IFP or sends a filing fee, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (*IFP* actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit any filing fee refund.

Additionally, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or failed to state a claim upon which relief may be granted, he cannot bring another action *IFP* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, I will order the Clerk to administratively terminate this action, without filing the Complaint or assessing a filing fee, and re-open once Plaintiff submits an *IFP* application or filing fee.[1] An appropriate Order follows.

Dated: 7/14/2022  /s/Evelyn Padin
At Newark, New Jersey  EVELYN PADIN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).