NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS,<br><br>                    Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY, et al.,<br><br>                    Defendants. | Case No. 22-4414 (EP) (JBC)<br><br>**OPINION** |

*Plaintiff Pro se*

**PADIN, District Judge.**

      Plaintiff Alexander A. Harris, a pretrial detainee presently detained in the Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, seeks to file this Complaint against Defendants HCCF, Mary Thomas, and G. Calhoun Butler pursuant to 42 U.S.C. § 1983. D.E. 1. At this time, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will permit the Complaint to proceed in part.[1]

---

[1] Defendant HCCF entered an appearance and filed an answer with crossclaim to the complaint before the Court permitted the complaint to proceed. D.E. 7. The Court will dismiss the crossclaims without prejudice as all claims against HCCF are being dismissed pursuant to 28 U.S.C. § 1915.

**I.     BACKGROUND**

Plaintiff alleges he asked Defendant Thomas to notarize an affidavit for him.  D.E. 1 at 3.  According to the Complaint,[2] Defendant Thomas "stated that she couldn't notarize and stated it wasn't a legal document."  *Id.*  "She then stated she has to get the signature of the inmate that wrote the [affidavit]" and Plaintiff told her that the inmate was "in protective custody status, and wasn't allowed out with the rest of the general population."  *Id.*  Defendant Thomas "then made another excuse why she couldn't notarize at that time I requested to speak with the [Sergeant].  The social worker said she was going inside the sally port but left."  *Id.*  An officer told Plaintiff that Defendant Thomas could not notarize the affidavit "because it had another inmate signature on the bottom."  *Id.*  Plaintiff informed the officer that the document "was pertaining to an incident that involved [Plaintiff's] case.  He continued to disagree."  *Id.*  Plaintiff asked for the document back, but the officer said it would be returned to the inmate who wrote the affidavit.  *Id.*  Plaintiff states the inmate in question was "removed off the tier for a code white.  After he returned officer packed him up and transferred him to another tier."  *Id.*

Plaintiff filed a grievance, "which the inmate advocate sided with the social worker . . . ."  *Id.*  Plaintiff again requested for the affidavit to be returned and was told it would be returned to him.  *Id.*  "After about a week of waiting I made an inquiry to the status to the social worker Mary Thomas via kiosk in which she replied it not mine and it will be returned to the owner.  After finally seeing the inmate . . . he informed me that the social worker sent it to his lawyer."  *Id.* at 3-4.  "The inmate was also moved off the unit immediately after the incident to further impair me from being effective during future trial."  *Id.* at 3.

---

[2] The Court accepts the facts alleged in the complaint as true for screening purposes only.

Plaintiff alleges the affidavit's confiscation violated his First Amendment right of access to the courts. "Plaintiff has also requested Mary Thomas to reset the pin account when [Plaintiff] was abruptly restricted on contacting his attorney without compulsory notice. When [Plaintiff] explained that the notice was never posted in advance and he wasn't allowed to call attorney while approaching trial Mary stated she would post the paper after calls had been restricted." *Id.* at 6. Plaintiff objected, and Defendant Thomas "offered another excuse and stated that plaintiff had to send the attorney numbers through the grievance compartment. When Harris finally obliged and sent the attorney number to the inmate advocate Calhoun Butler stated that's not her job." *Id.* at 7. "Stating a claim plaintiff believes that the Hudson County needs to hire more social workers and inmate advocates who work from a different entity because sharing the same building has compromised their duties and undivided loyalties. Plaintiff believes that having a separate building will change these shortcomings." *Id.*

In addition to injunctive relief in the form of an order directing Hudson County "to hire more social workers and inmate advocates who work from a different entity," Plaintiff seeks $60,000 in damages. *Id.* at 9.

**II.    STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis* and is incarcerated.

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff may not seek monetary damages from Defendant HCCF and Defendant Calhoun Butler in her official capacity. *See* D.E. 1 at 2. A jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C.

4

§ 1983"); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. The State's Eleventh Amendment immunity from suit for damages extends to state officials acting in their official capacities. Therefore, the Complaint is dismissed with prejudice to the extent Plaintiff seeks damages from Defendant HCCF and Defendant Butler in her official capacity.

The Court also dismisses Plaintiff's access to the courts claim against Defendant Thomas and Calhoun Butler in their individual capacities. Plaintiff alleges Defendant Thomas interfered with his access to the courts by refusing to notarize an affidavit signed by another inmate, confiscating the affidavit, and sending the affidavit to the inmate's lawyer. "To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury. An actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Conrad v. De Lasalle*, No. 21-8462, 2021 WL 4593273, at *4 (D.N.J. Oct. 6, 2021) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam)).

"[P]risoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir 2008) (quoting *Christopher*, 536 U.S. at 416-17). Plaintiff has not alleged facts that satisfy either of these

requirements, alleging only that the document "pertains to [his] case." D.E. 1 at 5. Accordingly, the Court will dismiss the claim without prejudice.

Plaintiff also appears to be alleging that Defendants Thomas and Calhoun Butler interfered with his ability to call his attorney and refused to provide documents requested by Plaintiff. *Id.* at 6-7. "Under the Sixth Amendment, a pretrial detainee has a right to utilize counsel to defend against a criminal case that the state has brought against him." *Prater v. City of Phila.*, No. 11-1618, 2015 WL 3456659, at *4 (E.D. Pa. June 1, 2015) (on remand) (citing *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001)). "With respect to restrictions on attorney contact with clients, the Supreme Court has held that inmates must have a reasonable opportunity to seek and receive the assistance of attorneys and that prison regulations and practices that unjustifiably obstruct the availability of professional representation are invalid." *Ortiz v. City of Philadelphia*, No. 21-3100, 2022 WL 1443425, at *6 (E.D. Pa. May 6, 2022) (cleaned up). "Thus, where an institutional restriction impedes a pretrial detainee's access to criminal counsel, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. A prison regulation restricting a pretrial detainee's contact with his attorney is unconstitutional where it unreasonably burdens the inmate's opportunity to consult with his attorney and to prepare his defense." *Id.* (cleaned up).

Plaintiff submits a copy of HCCF's telephone policy with his Complaint. D.E. 1-1. Under the policy, inmates may only place calls to telephone numbers that are on their Inmate Telephone List beginning on January 6, 2022. *Id.* The policy states that "[i]t is [the inmates'] responsibility to identify all attorneys [they] may be calling. All new Attorney numbers should be submitted through the grievance procedure in the kiosk for verification." *Id.* There are insufficient facts in the Complaint for the Court to reasonably infer that Defendant Thomas unreasonably interfered

6

with Plaintiff's ability to contact his attorney through this policy. Plaintiff has stated a claim against Defendant Calhoun Butler, however. Plaintiff alleges he attempted to add his attorney to his list via the kiosk as required by the policy, but Defendant Calhoun Butler refused to add the attorney to Plaintiff's list. D.E. 1 at 7. Accepting the facts alleged in the Complaint as true and construing the complaint liberally, this is sufficient to allege that Defendant Calhoun Butler acted unreasonably. The Court will permit this claim to proceed.[3]

Plaintiff also seeks injunctive relief against Defendants HCCF and Calhoun Butler in her official capacity. "[T]he judicial doctrine of *Ex Parte Young* . . . allows suits against States in federal court seeking prospective injunctive relief to proceed only against state officials acting in the official capacities." *Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 483 (D.N.J. 2001) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). "The exception created by *Ex Parte Young* has been interpreted to allow suits against state officials for prospective and declaratory relief in order to end continuing violations of federal law." *Id.* However, Plaintiff lacks standing to bring his claim for prospective relief.

"Because the plaintiff must establish that a favorable decision will be likely to redress his injury, the form of relief sought is often critical in determining whether the plaintiff has standing. Thus, as numerous Supreme Court decisions illustrate, a given plaintiff may have standing to sue for damages yet lack standing to seek injunctive relief." *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987). The Court has concluded that Plaintiff stated a claim under § 1983 against Defendant

---

[3] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

Calhoun Butler for a single instance of interfering with Plaintiff's ability to contact his attorney. Plaintiff has not alleged an ongoing violation of federal law such that prospective injunctive relief would be warranted.

> While a § 1983 plaintiff's allegation that he has suffered from unconstitutional practices may be sufficient to establish standing to sue for damages, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . .' In order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]'

*Brown*, 819 F.2d at 400 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)) (alterations and omission in original).

Plaintiff "has done nothing more than allege past exposure to unconstitutional state action. As the foregoing discussion indicates, this is not enough to secure standing to sue for prospective relief." *Id.* (footnote omitted). The Court will dismiss Plaintiff's claims for injunctive relief.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's claim that Defendant Butler unreasonably interfered with Plaintiff's ability to contact his attorney will be permitted to proceed. The remainder of the Complaint will be dismissed. An appropriate Order follows.

Dated: October 11, 2022

_____
Hon. Evelyn Padin, U.S.D.J.