NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXANDER A. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HUDSON    COUNTY    CORRECTIONAL FACILITY,<br><br>    Defendant. | No. 22cv4414 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is the report and recommendation of the Hon. James B. Clark, III, U.S.M.J., which recommends that the Court grant Defendant's motion to enforce settlement, D.E. 52 ("Motion to Enforce Settlement").  D.E. 55 ("R&R").

When magistrate judges address dispositive motions, including motions to enforce a settlement, they submit a report and recommendation to the district court. The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation."  28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).  If there has been a timely objection to the report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Where no objection has been made to a report and recommendation within fourteen days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge).  Only if the district court adopts a report and

recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Defendant argues in its Motion to Enforce Settlement that during a March 10, 2025, settlement conference, "the Court was able to amicably resolve the matter as the parties agreed to settle for a monetary figure." Motion to Enforce Settlement ¶ 4. Plaintiff, for his part, argues in opposition to the Motion to Enforce Settlement, D.E. 54 ("Opposition to Motion to Enforce Settlement"), that there "were no terms or conditions agreed to, the agreement wasn't executed on [his] own volition, [he] was pressured, ther[e] was no settlement conferences, no legal aid at the jail to assist [him], or research similar cases and rewards, [a]nd all attempts to obtain pro bono counsel . . . were futile," and requests that the settlement be vacated. Opposition to Motion to Enforce Settlement at 5–6.

As Judge Clark explained, "[a]lthough Defendant filed the . . . motion seeking to enforce the settlement, it [was] Plaintiff who s[ought] to have the settlement vacated" and "[a]ccordingly, as the party seeking to vacate the settlement, it [was] Plaintiff who b[ore] the burden." R&R at 4. Judge Clark went on to apply New Jersey law to each of Plaintiff's arguments in support of his request to vacate the settlement. Judge Clark first determined that Plaintiff had failed to establish that he only agreed to the settlement "under pressure and duress." *Id.* at 4 (quoting Opposition to Motion to Enforce Settlement at 5). Judge Clark next found that the absence of a written agreement memorializing the terms of the settlement did not render the oral settlement agreement unenforceable. *Id.* at 5–6. Judge Clark concluded that "it [was] clear that Plaintiff did indeed agree to essential terms to settle this matter but now regrets not seeking the best possible terms." *Id.* at 6 (internal citations omitted). Because "Plaintiff's feelings of 'buyer's remorse' and 'second thoughts about the settlement terms [he] agreed to accept' during the settlement conference do not

2

provide a legitimate basis to vacate the parties' settlement agreement" and because the agreement was enforceable and not made under duress, Judge Clark ultimately recommended that Defendant's Motion to Enforce Settlement be granted. *Id.* at 6 (quoting *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2018 WL 4039506, at *7 (D.N.J. June 28, 2018), *report and recommendation adopted sub nom. Fogarty v. Household Fin. Corp.*, 2018 WL 4031064 (D.N.J. Aug. 22, 2018)).

No objections were filed in response to the R&R. *See* Dkt.[1] After reviewing the R&R and the relevant items on the docket in this case, the Court finds no clear error. Therefore, the Court will **ADOPT** the R&R in its entirety. Accordingly,

**IT IS**, on this **17th** day of April, 2026;

**ORDERED** that the R&R, D.E. 55, is **ADOPTED**; and it is further

**ORDERED** that Defendant's Motion to Enforce Settlement, D.E. 52, is **GRANTED**; and it is further

**ORDERED** that the parties shall take appropriate steps to comply with the terms of the settlement agreement; and it is further

**ORDERED** that this case shall be **DISMISSED** *with prejudice*; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

Evelyn Padin, U.S.D.J.

---

[1] On February 11, 2026—after the fourteen-day deadline to submit objections to the R&R, Plaintiff filed a letter requesting a status conference or a jury trial and re-attaching his Opposition to Motion to Enforce Settlement. D.E. 56. As explained above, the Court has considered the arguments Plaintiff made in his Opposition to Motion to Enforce Settlement in deciding whether to adopt the R&R.